IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cr-147

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOVAN MARQUELL McLAUGHLIN | ) | |
| | ) | |

**THIS MATTER** is before this Court upon the defendant's pro se letter motion to order the Bureau of Prisons (BOP) not to collect the special assessment and appointed counsel costs until his appeal is resolved. (Doc. No. 65).

The defendant is serving a sentence at the Herlong (California) Federal Correctional Institution following his conviction for a firearm offense. (Doc. No. 50: Judgment). The Court ordered that payment of the penalties was to begin immediately. (Id. at 5). The Court recommended that the defendant participate in the BOP Inmate Financial Responsibility Program (IFRP), and ordered that any balance remaining after imprisonment be paid in monthly installments while on supervised release. (Id. at 2, 5). The defendant seeks an order preventing the institution from attempting to collect payments, presumably through the IFRP. (Doc. No. 65: Motion). He claims that he can not afford to make any payments currently. (Id.).

The Fourth Circuit has directed that such a motion be treated as a habeas corpus petition under 28 U.S.C. § 2241 because the defendant has attacked the execution of the monetary penalties order. United States v. Hudson, 221 Fed. Appx. 255, 256 (4th Cir. Mar. 26, 2007)(unpublished). "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). The defendant is incarcerated within the Eastern District of California. Accordingly, this Court does not have jurisdiction over the instant motion.

Even if the Court had jurisdiction, it would deny the motion. First, the defendant failed to show that he exhausted administrative remedies before seeking review in district court. Jonpoll v. Thornburgh, 898 F.2d 849, 850 (2nd Cir. 1990). Second, the Fourth Circuit has held that the BOP has discretion to collect monetary payments through the IFRP when they are ordered due immediately, and a schedule is set for paying any remainder while on supervised release. United States v. Watkins, 161 Fed. Appx. 337 (4th Cir. Jan. 19, 2006) (unpublished) (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); McGee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); and Montano-Figueroa v. Crabtree, 162 F.3d 548, 549-50 (9th Cir. 1998)). Thus, the Court finds that it is not in the interests of justice to transfer this matter to the Eastern District of California, pursuant to 28 U.S.C. § 1631.

**IT IS, THEREFORE, ORDERED** that Defendant's motion (Doc. No. 65) is **DISMISSED WITHOUT PREJUDICE** to file an action in the appropriate district court at the proper time.

The Clerk is directed a copy of this Order to the defendant, Jovan Marquell McLaughlin, Reg. No. 22649-058, FCI Herlong, P.O. Box 800, Herlong, California 96113.

Signed: June 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge