UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-197-RJC
3:08-cr-147-RJC

| | |
|---|---|
| JOVAN MARQUELL MCLAUGHLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1); the Government's Answer and Motion for Summary Judgment (Doc. Nos. 4, 5); Petitioner's Reply, (Doc. No. 7), and related pleadings.[1] For the reasons that follow, the Government's motion will be granted and Petitioner's § 2255 motion will be denied and dismissed.

I.   BACKGROUND

Petitioner was charged by a grand jury in this district with possessing a .32 caliber pistol as a felon on December 31, 2007, in violation of 18 U.S.C. § 922(g) (Count One), possessing a 12 gauge shotgun as a felon on March 23, 2008, in violation § 922(g) (Count Two), and possessing a stolen firearm, the shotgun, on March 23, 2008, in violation of 18 U.S.C. § 922(j) (Count Three). (Case No. 3:08-cr-147, Doc. 3: Indictment).

Petitioner filed motions with the assistance of counsel to suppress evidence and his

---

[1] Petitioner sought to amend his motion by adding claims detailed in his Reply. (Doc. No. 9: Motion). The Court found those issues were sufficiently raised such that amendment was not necessary. (Doc. No. 17: Order).

1

statements during his arrests in December and March. (Id., Doc. Nos. 16 and 17). The Court conducted an evidentiary hearing on the suppression motions during which several Charlotte-Mecklenburg Police (CMPD) officers testified. (Id., Doc. No. 60: Supp. Hr'g Tr.). Petitioner did not testify, but called a special agent of the Bureau of Alcohol, Tobacco, and Firearms and introduced reports written by the CMPD officers. (Id. at 86-93). After the hearing, Petitioner submitted a transcript of the police vehicle recording during his March arrest. (Case No. 3:08-cr-147: Doc. No. 22). The Court then ruled that officers properly ordered the defendant out of his El Camino in December while investigating its improper tag and lawfully patted him down when Petitioner admitted he had a gun in his waistband.[2] (Id., Doc. No. 29: Order at 8-9). The Court further ruled that officers properly found the shotgun when they searched a stolen Navigator which Petitioner had driven without a license in March and properly took his statement following Miranda warnings. (Id. at 9-12).

Petitioner subsequently entered a written plea agreement in which he agreed to plead guilty to Count One in exchange for dismissal of Counts Two and Three. (Case No. 3:08-cr-147, Doc. No. 30 at 1). The plea agreement recites Petitioner's stipulation that firearm found during the December search was stolen and his agreement to a two-level increase for that fact. (Id. at 2). He further agreed that both he and the Government reserved their right move for a departure or variance from the guidelines range. (Id.). The plea agreement recites Petitioner's understanding of his waiver of his rights to trial, appeal, and post-conviction attack, except for claims of

---

[2] The government conceded that other statements made after Petitioner was in custody were taken in violation of Miranda v. Arizona, 384 U.S. 436 (1966); therefore, the Court granted Petitioner's motion as to those statements. (Case No. 3:08-cr-147, Doc. No. 29: Order at 3 n.3).

ineffective assistance of counsel or prosecutorial misconduct, after discussion with counsel. (Id. at 4).

Petitioner appeared before a magistrate judge for his Plea and Rule 11 hearing with counsel and he was placed under oath. (Case No. 3:08-cr-147, Doc. No. 61: Plea Hr'g Tr. at 3). Petitioner affirmed that he understood he was waiving his right to trial that he was guilty of the conduct in Count One. (Id. at 5). Petitioner also affirmed the terms of the plea agreement that provided he could receive a sentence up to the statutory maximum, that the firearm was stolen, and that each party could argue for departure or variance. (Id. at 7, 24). Petitioner agreed that he understood he was waiving his trial, appellate, and post-conviction rights. (Id. at 24). Finally, Petitioner affirmed that he had enough time to discuss his case with counsel and was satisfied with her services. (Id. at 25). The magistrate judge accepted Petitioner's plea as knowingly and voluntarily entered. (Id. at 27; Doc. No. 31: Acceptance and Entry of Guilty Plea at 5).

The draft presentence report (PSR) calculated the advisory guideline range in keeping with the parties' stipulations in the plea agreement and Petitioner filed no objections. (Id., Doc. No. 36: Draft PSR at 5; Doc. No. 37: Final PSR at 20). The Government filed a motion for an upward variance from the guidelines range, based in part on Petitioner's alleged involvement in a home burglary and assault on the homeowner occurring after the conduct alleged in the indictment. (Id., Doc. No. 39). The Court granted Petitioner a continuance of the sentencing hearing to investigate that incident. (Id., Doc. No. 41: Order). Petitioner filed a memorandum in opposition to an upward variance, seeking a sentence within the advisory guideline range. (Id., Doc. No. 43).

When the case was next set for sentencing, counsel moved for a continuance based on concerns about Petitioner's competency. (Id., Doc. No. 62: Hr'g Tr. at 2). The Court questioned Petitioner and it appeared that he simply disagreed with counsel about how to proceed at sentencing but had not discussed objections to the PSR with her. (Id. at 9-11). After the Court continued the hearing again, counsel filed a motion to withdraw guilty plea at Petitioner's request. (Case No. 3:08-cr-147, Doc. No. 48). Petitioner asserted in the handwritten motion that he entered his plea under duress of imprisonment and that he had not done any wrong. (Id. at 4-5).

The Court considered the motion on the date set for sentencing and concluded that Petitioner had not met the factors in <u>United States v. Moore</u>, 931 F.2d 245, 248 (4th Cir. 1991), to justify withdrawing the plea. (Case No. 3:08-cr-147, Doc. No. 63: Sent. Hr'g Tr. at 3-8). The Court also denied counsel's an oral motion to withdraw from further representation, but informed Petitioner he was free to present any positions he wanted during the hearing. (Id. at 5). The Court then proceeded with the sentencing hearing, finding there was a factual basis for the plea and confirming Petitioner understood the PSR, had discussed it with counsel, and had no objections. (Id. at 8-10). In determining the advisory guideline range, the Court declined to reduce the offense level for acceptance of responsibility pursuant to USSG §3E1.1 because of Petitioner's late protestations of innocence and motion to withdraw plea against the weight of the evidence. (Id. at 13-14). Thus, a total offense level of 22 combined with criminal history category V resulted in an advisory guideline range of 77 to 96 months. (Id. at 14). Counsel argued for a sentence at the low end of the range. (Id. at 14-18). When the Court offered Petitioner the opportunity to speak, he responded that he had nothing to say. (Id. at 18).

4

Over Petitioner's objection, the Government presented testimony from the homeowner regarding the April 2008 break-in and assault. (Id. at 20). He identified Petitioner as the person who chased and struck him with a flag stick from a nearby golf course when he attempted to disrupt the burglary. (Id. at 22-27). The Court also heard from Petitioner's step-father and considered letters submitted by Petitioner's family. (Id. at 36-38). The Court found that reliable information showed that Petitioner's criminal history category of V did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes; therefore, the Court departed up to criminal history category VI and imposed a sentence of 96 months' imprisonment.[3] (Id. at 38-40; Doc. No. 50: Judgment at 2).

Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit, (Id., Doc. No. 52), which the Government moved to dismiss based Petitioner's waiver in the plea agreement, (Case No. 09-4972, Doc No. 32). The appellate court granted the motion and dismissed the appeal. (Id., Doc. No. 43: Order).

Petitioner then timely filed the instant § 2255 motion claiming numerous grounds of ineffective assistance of counsel and error by the Court in his suppression and sentencing hearings. (Doc. No. 1). The Government responded and moved for summary judgment contending that each of Petitioner's ten claims for relief are without merit. (Doc. Nos. 4, 5, 12). With the filing of Petitioner's replies, (Doc. Nos. 7, 8, 16), this matter is ripe for disposition.

---

[3] The Court noted this sentence was within the original advisory guideline range and was the appropriate sentence under 18 U.S.C. § 3553(a) pursuant to the guidelines, a departure, or a variance given the history and characteristics of the defendant and the nature and seriousness of the offense. (Id. at 40-41).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The Court has considered the record in this matter and applicable authority and concludes that all the claims can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970) (affirming summary disposition where files and records conclusively show that petitioner is entitled to no relief).

III.    DISCUSSION

    A.    Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To challenge issues at sentencing, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). Finally, it is well established that counsel is permitted wide latitude in determining which claims are most likely to succeed on appeal and are therefore worth bringing. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983); Fisher v. Lee, 215 F.3d 438, 457 (4th Cir. 2000). Counsel is not required to assert all non-frivolous issues on appeal. See Jones, 463 U.S. at 751-52.

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been

different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

      1.    Waiver in plea agreement

Petitioner contends counsel provided ineffective assistance when she advised him to agree to waive his appeal and § 2255 rights. (Doc. No. 1 at 4). Although he faults counsel for not bringing a law book and going over the appellate and post-conviction statutes verbatim, he has not shown how the failure to do so fell below an objective standard of reasonable performance and that the outcome of the proceeding would have been different if she had. In fact, defendants may waive their rights to contest their convictions or sentences in collateral proceedings under § 2255 "so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

As detailed above, Petitioner was placed under oath during his Rule 11 hearing and specifically examined about the waiver provisions of the plea agreement, which he stated he understood and accepted. (Case No. 3:08-cr-147, Doc. No. 61: Plea Hr'g Tr. at 24). The magistrate judge thus concluded that Petitioner's decision to waive these rights was knowing and voluntary. (Id. at 27; Doc. No. 31: Acceptance and Entry of Guilty Plea at 5). This Court found that Petitioner's decision to plead was knowingly and voluntarily made with understanding of the penalties, charges, and consequences. (Case No. 3:08-cr-147, Doc. No. 63: Sent. Hr'g Tr. at 8). Likewise, the Fourth Circuit relied on the waiver to dismiss the direct appeal. (Case No. 09-4972, Doc No. 45: Order).

Petitioner's conclusory assertion about his understanding of the waiver at this stage is insufficient to overcome his prior sworn statements. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("a defendant's solemn declarations in open court affirming a plea agreement . . . carry a strong presumption of verity." 403 F.3d at 221 (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, such declarations present "a formidable barrier in any subsequent collateral proceedings," and may be set aside only under extraordinary circumstances. Id. Therefore, the record clearly shows Petitioner is not entitled to relief on this claim.

2. Failure to investigate and argue against upward variance facts

Petitioner alleges that counsel failed to investigate the information presented by the Government in support of its upward variance motion, that is, the burglary and assault testimony by the homeowner at sentencing. (Doc. No. 1: Motion at 8). In a later pleading, Petitioner also faults counsel for failing to argue against the upward variance. (Doc. No. 7: Reply at 14). The record clearly belies these assertions. First, counsel obtained a continuance in order to investigate the allegations in the Government's motion. (Case No. 3:08-cr-147, Doc. No. 41: Order). Second, counsel filed a detailed memorandum arguing against an upward variance and seeking a sentence at the low end of the guidelines. (Id., Doc. No. 43). Third, counsel objected to the homeowner's testimony on the basis of a suggestive identification procedure and dismissal of related state charges. (Id., Doc. No. 63: Sent. Hr'g Tr. at 19-20). Last, she cross-examined the homeowner about the details of his identification of Petitioner. (Id. at 29-33). It is mere speculation that another co-conspirator in the burglary would have convinced the Court that a different co-conspirator was the one who actually chased and assaulted the homeowner and that

9

such information would have resulted in a more lenient sentence. Therefore, this issue is without merit.

3. Stolen firearm enhancement

Petitioner faults counsel for having him stipulate to a two-level enhancement based upon the fact that the gun he possessed was stolen. (Doc. No. 1: Motion at 12). He claims that when he told counsel he did not know the gun was stolen, she responded that it did not matter. (Id.). Counsel was correct that the enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen." USSG §2K2.1 comment. (n.8(B))(2008); United States v. Taylor, 659 F.3d 339, 343–44 (4th Cir. 2011) (upholding enhancement's validity despite lack of mens rea requirement), cert. denied, 132 S. Ct. 1817 (2012). Therefore, Petitioner has not shown that counsel's advice was constitutionally deficient, and he is clearly not entitled to relief on this claim.

4. Withdrawing guilty plea

Next, Petitioner alleges that counsel provided ineffective assistance of counsel regarding his attempt to withdraw his guilty plea. (Doc. No. 1: Motion at 15). On one hand, Petitioner claims counsel advised him he could move to withdraw his plea, but on the other hand he admits she advised him he had no grounds to do so. (Id. at 15-16). Ultimately, Petitioner himself directed counsel to file his handwritten motion, (Case No. 3:08-cr-147, Doc. No. 48: Motion at 1), although he stated at his plea hearing that he understood that the plea agreement limited his right to do so, (Id., Doc. No. 61: Plea Hr'g Tr. at 8, 24; Doc. No. 30: Plea Agreement at 3). Petitioner's assertions in the motion of his legal innocence against the weight of the evidence caused the Court to deny a reduction for acceptance of responsibility under the guidelines, but

the Court stated its sentence would have been the same under guidelines, by departure, or by variance. (Id., Doc. No. 63: Sent. Hr'g Tr. at 13-14, 40). Petitioner has not shown that counsel's advice was constitutionally deficient, and he has not shown that the outcome of the proceeding would have been different if he had not chosen to file the motion. Therefore, he is clearly not entitled to relief on this claim.

5. Suppression hearing

Petitioner further claims counsel was ineffective for failing to call him as a witness in the suppression hearing and for failing to present impeaching information. (Doc. No. 1: Motion at 20). Petitioner details a number of facts to which he would have testified regarding the conduct of the officers on December 31 and the difficulty they would have had in determining the tag on the car was for a different vehicle, (Id. at 21-23; Doc. No. 7: Affidavit at ¶ 10, 13), but has not shown that his testimony would have overcome the critical facts that his car was being driven in violation of the law and that he admitted having a gun in his waistband before the officer initiated the pat-down search, (Case No. 3:08-cr-147, Doc. No. 29: Order at 2-3, 8-9). Thus, he has not shown that counsel's strategic decisions regarding the presentation of evidence at the sentencing hearing were objectively unreasonable and that the outcome of the proceeding would have been different. Even if the Court had suppressed the evidence from the December arrest, the Government could have proceeded on the stolen shotgun found in the April arrest, resulting in the same consequences for Petitioner. Therefore, this issue is without merit.

6. Criminal history category

Petitioner claims counsel was ineffective for failing to object to the Court's upward departure under the guidelines to a higher criminal history category. (Doc. No. 7: Reply at 14).

11

This argument is without merit because counsel extensively argued for a sentence at the low end of the advisory guideline range based on his original criminal history category and the sentence imposed was at the high end of that range; thus, the same sentence could have been imposed without departure. (Case No. 3:08-cr-147, Doc. No. 43: Memorandum; Doc. No. 63: Sent. Hr'g Tr. at 14-18). Finally, the argument Petitioner claims counsel should have made under the Sixth Amendment would not have altered the outcome of the proceedings as courts have discretion to depart upward under USSG §4A1.3 based on the inadequacy of a defendant's criminal history category. United States v. McNeill, 598 F.3d 161, 166-67 (4th Cir. 2010). Therefore, the record clearly shows Petitioner is not entitled to relief on this claim.

   7.  Direct appeal

Petitioner's last claim of ineffective assistance (Ground Ten) faults appellate counsel for failing to challenge the stolen firearm enhancement as unconstitutional and the Court's suppression decision. (Doc. No. 1: Motion at 25). As detailed above, Petitioner knowingly waived both of those issues in his plea agreement and the Fourth Circuit dismissed his direct appeal based on that waiver. (Case No. 09-4972, Doc. No. 43: Order). Therefore, Petitioner is clearly not entitled to relief in this collateral proceeding on his claim that appellate counsel failed raise issues Petitioner had already waived.

  B.  Other Claims

   1.  Court's suppression decision

Petitioner claims the Court erred in not suppressing evidence obtained during the encounter with police in December 2007 (Ground Five). (Doc. No. 1: Motion at 18). Again, Petitioner knowingly waived this issue as part of his guilty plea. (Case No. 3:08-cr-147, Doc. No.

12

30 at 4). Even considering the merits of Petitioner's allegation, he has not shown error because police may lawfully order occupants out of a car during the investigation of a traffic offense without transforming the encounter into custodial arrest. Maryland v. Wilson, 519 U.S. 408, 414-15 (1997); United States v. Soriano-Jarquin, 492 F.3d 495, 500 (4th Cir. 2007). Thus, discovery of the gun after he admitted possessing it was not in violation of the Fourth or Fifth Amendments.

  2. Right to testify at the suppression hearing

Next, Petitioner argues the Court deprived him of his right to testify at the suppression hearing by failing to inform him of that right (Ground Six). (Doc. No. 1: Motion at 19). As this claim does not relate to ineffective assistance of counsel or prosecutorial misconduct, it was waived as part of his plea agreement. (Case No. 3:08-cr-147, Doc. No. 30 at 4). Additionally, given the facts detailed above to which Petitioner asserts he would have testified, he has not shown that the outcome of the proceeding would have been different; therefore, he is not entitled to relief on this claim.

  3. Right to present information at sentencing

Petitioner further argues the Court deprived him of Fifth Amendment right to present declarations and refute the Government's witnesses at the sentencing hearing. (Doc. No. 1: Motion at 24). This claim his without merit because it is clearly contradicted by the record. At the outset of the hearing, the Court informed Petitioner that he could present any positions he wished at the appropriate time. (Case No. 3:08-cr-147, Doc. No. 63: Sent. Hr'g Tr. at 5). When that time came and the Court invited Petitioner to say anything he wished, he responded that he did not have anything to say. (Id. at 18). Petitioner now claims there were declarations he

wished to present regarding his motions to withdraw his plea and to suppress evidence. (Doc. No. 1: 24). Petitioner had the opportunity to make the record when he filed his motions and during the sentencing hearing. Additionally, the facts alleged would not have altered the Court's decision regarding either motion. Therefore, he is clearly not entitled to relief on this claim.

        4.     O'Brien decision

Petitioner's final claim is that the Supreme Court's decision in United States v. O'Brien, 560 U.S. 218 (2010) renders the stolen firearm enhancement under the guidelines unconstitutional (Ground Nine). (Doc. No. 1: Motion at 25; Doc. No. 7: Reply at 3). Petitioner's reliance on that case is misplaced. In O'Brien, the Court held that the fact that a firearm is a machinegun, which increases the mandatory minimum statutory penalty from five to thirty years' imprisonment, is an element of an 18 U.S.C. § 924(c) offense and not a sentencing factor, requiring it to be submitted to a jury and proved beyond a reasonable doubt if not admitted by a defendant. 560 U.S. at 235. Here, the fact that the pistol was stolen triggered a guideline provision that merely increased the advisory range and did not increase the statutory mandatory minimum or maximum sentence for the 18 U.S.C. § 922(g) offense. Thus, application of the enhancement was consistent with the holding in O'Brien that "sentencing factors may guide or confine a judge's discretion in sentencing an offender within the range prescribed by statute, judge-found sentencing factors cannot increase the maximum sentence a defendant might otherwise receive …" 560 U.S. at 224 (internal quotations and citations omitted). Therefore, Petitioner is clearly not entitled to relief on this claim.

IV. CONCLUSION

Petitioner waived all claims except ineffective assistance of counsel in his plea agreement. Considering the merits, after reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss, (Doc. No. 5), is **GRANTED**;

2. Petitioner's Motion to Vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**;

3. Petitioner's Motion to Appoint Counsel, (Doc. No. 18), is **DENIED**;

4. Petitioner's Motions for Immediate Release, (Doc. Nos. 19 and 26), are **DENIED**; and

5. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: September 25, 2014

Robert J. Conrad, Jr.
United States District Judge