**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO.  3:08-CR-147-RJC**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **JOVAN M. MCLAUGHLIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Defendant appeared before the Court on February 12, 2016 for a first appearance on a Petition alleging violations of supervised release.  Before Defendant was brought into the courtroom, the Marshals advised that he was refusing to cooperate with the booking process. Defendant refused to be fingerprinted or photographed.  Defendant was brought into the courtroom and the Court ordered him to submit to the booking process and be fingerprinted and photographed. The Court also advised him that disobedience of the Court's order could constitute criminal contempt punishable by thirty days imprisonment and a $5000 fine.  Defendant responded with nonsense statements and was returned to the holding cell area.  Defendant again refused to be fingerprinted or photographed.  He was returned to the courtroom and the Court inquired as to whether he was going to disobey the previous order.  Defendant responded in a defiant tone that "I don't submit to no man!"  The Court advised him that he was being held in contempt for disobeying the Court's order to submit to the booking process.  Defendant was allowed an opportunity to respond and he repeated his statements challenging the Court's authority.  Assistant Federal Defender Peter Adolf was present during the hearing but Defendant refused the opportunity to speak with him.

The contempt powers of a United States Magistrate Judge are set forth in 28 U.S.C. §

636(e), as amended by the Federal Courts Improvement Act of 2000. Those powers include summary criminal contempt authority in any case before the Magistrate Judge, as well as criminal and civil contempt authority in certain civil consent and misdemeanor cases. Specifically, a Magistrate Judge's criminal contempt authority includes "the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice." 28 U.S.C. § 636(e)(2). "The sentence imposed by a magistrate judge for any criminal contempt [under 28 U.S.C. § 636(e)(2) & (3)] shall not exceed the penalties for a Class C misdemeanor as set forth in sections 3581(b)(8) and 3571(b)(6) of Title 18." 28 U.S.C. § 636(e)(5). Based upon the maximum penalties for a Class C misdemeanor, any person found guilty of criminal contempt faces up to thirty days imprisonment (18 U.S.C. § 3581(b)(8)) and a $5,000 fine (18 U.S.C. § 3571(b)(6)). "The contempt order must recite the facts, be signed by the judge, and filed with the clerk." Fed.R.Crim.P. 42(b).

Defendant's conduct occurred in the Court's presence and constituted misbehavior obstructing the administration of justice. The Court advised Defendant that he was being held in summary criminal contempt for disobeying the Court's order to submit to the booking process. The Court allowed Defendant an opportunity to respond. Defendant responded with statements challenging the Court's authority.

Based upon the foregoing, the Court finds Defendant guilty of summary criminal contempt in the presence of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636(e)(2) and (5). Accordingly, Defendant is committed to the custody of the Attorney General for thirty (30) days imprisonment.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the

<u>Honorable Robert J. Conrad, Jr</u>.

**SO ORDERED**.          Signed: February 12, 2016

David S. Cayer
United States Magistrate Judge