IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00534-RJC
(3:08-cr-00147-RJC-1)

| | |
|---|---|
| JOVAN MARQUELL MCLAUGHLIN, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se "Petition for Adjudicative Hearing & Declaratory Order" which the Court finds is in fact an unauthorized, successive § 2255 motion to vacate pursuant to 28 U.S.C. § 2255.[1] For the reasons that follow, Petitioner's § 2255 motion will be dismissed as successive.

I. BACKGROUND

On December 8, 2008, Petitioner pleaded guilty pursuant to a written plea agreement to one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (3:08-cr-00147, Doc. No. 3: Indictment; Doc. No. 30: Plea Agreement; Doc. No. 31: Acceptance and Entry of Plea). On September 29, 2009, Petitioner was sentenced to a term of 96-months' imprisonment. Petitioner's appeal was dismissed on the Government's motion based on the appeal waiver in the plea agreement. (Id., Doc. No. 50: Judgment). See United States v.

---

[1] District courts are bound to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (internal citation omitted). Because Petitioner is challenging the legality of his prosecution, conviction, and his incarceration, the Court finds that the motion is properly considered under the provisions of § 2255(a).

1

McCLaughlin, No. 09-4972 (4th Cir. Sept. 8, 2010). On April 19, 2011, the Clerk docketed Petitioner's first pro se § 2255 motion vacate in which he raised claims of ineffective assistance of counsel and challenges to various rulings by this Court prior to entry of judgment. Petitioner's § 2255 motion was dismissed after the Court found that Petitioner had failed to demonstrate any entitlement to collateral relief from his judgment. Petitioner did not appeal. (3:11-cv-00197-RJC, Doc. No. 28: Order)

Through the instant "Petition", Petitioner contends this Court lacked jurisdiction to prosecute him because he is not a "person" amenable to prosecution. (3:16-cv-00534, Doc. No. 1 at 1).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to file a second, successive motion under Section 2255 to present his challenge to his prosecution, conviction or present confinement. Accordingly, this Court is without jurisdiction to consider his claim for collateral relief and this action will therefore be dismissed. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); Winestock, 340 F.3d at 205.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: July 26, 2016

Robert J. Conrad, Jr.
United States District Judge